# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-0188-MJR** |
| | ) | |
| **MERCY REGIONAL HEALTH** | ) | |
| **SYSTEMS, LTD.,d/b/a MERCY** | ) | |
| **REGIONAL EMERGENCY HEALTH** | ) | |
| **SERVICES and CLAYTON W. HOBBS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge**:

This matter comes before the Court on consideration of the Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction, and Damages under the False Claims Act by the United States. Having considered the matter and being duly advised in the premises, the Court now finds that an ex parte Temporary Restraining Order cannot be issued at this time, pursuant to the requirements of FEDERAL RULE OF CIVIL PROCEDURE 65(b).

FEDERAL RULE OF CIVIL PROCEDURE 65(b) authorizes the issuance of a temporary restraining order (TRO) without notice to the adverse party in certain limited circumstances. An ex parte TRO may only be granted under Rule 65(b)(1) if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Without reaching the United States's arguments as to whether a TRO should be

granted under Rule 65(b)(1)(A), the Court notes that the movant's attorney has not **certified in writing** any efforts made to give notice or reasons why notice to the opposing party should not be required as is necessary under Rule 65(b)(1)(B). Though the United States mentions this requirement in its verified complaint (Doc. 2, ¶ 42), no such certification has been filed.

Therefore, the Court **DENIES** the United States's request for an ex parte TRO at this time. However, if the attorney for the United States submits a supplement in compliance with Rule 65(b)(1)(B), the Court will consider the supplement as a motion to reconsider.

**IT IS SO ORDERED.**

**Dated this 11th day of March 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**